CRAWFORD v. BROWN.

Opinion delivered March 25, 1905.

COUNTIES—BOUNDARIES.—The act of April 3, 1869 (Acts 1869, p. 144), defining the boundary lines between the counties of Clark, Dallas and Hot Spring provides that the boundary line between Clark and Hot Spring counties shall run from the mouth of Bayou De Roche

down the channel of Ouachita River to township line between town-
ships 6 and 7 south; thence east along said line to the range line
between ranges 17 and 18 west. It appears that the river touches
the line between townships 6 and 7 at four different points. *Held,*
that the river is the boundary line between Clark and Hot Spring
counties from the mouth of Bayou De Roche to where the river last
touches the township line between townships 6 and 7.

Appeal from · Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

STATEMENT BY THE COURT.

This is an action of ejectment by the trustee of Clark
County against Mrs. S. L. Brown, to recover a tract of land
described as follows, towit: the undivided half of the fractional
north half—north of Ouachita River—of section 4, township 7
south, range 19 west, containing 71.31 acres, which the com-
plaint alleged was situated in Clark County. The action was
brought in the circuit court of that county, and one of the
defenses set up by the defendant was that the land was not in
Clark County, but in the county of Hot Spring, and that for
that and other reasons the action could not be maintained. The
circuit court sustained this contention, and gave judgment for
the defendant, and the plaintiff appealed to this court.

*J. H. Crawford,* for appellant.

The draughtsman of the act was very unfortunate in the
use of the words, "township" and "range," and misapplied those
words several times. The mistake is apparent, when considered
with reference to well understood and fully described objects,
and to courses named, and also. with reference to the practical
construction, for more than thirty-five years, placed on the act
by county and State officials, with reference to county lines
established thereby. In copying so much of said act as applies
to this case, the correct words that should have been used will
be placed in brackets, to show at a glance the intended reading
of the act:

"Section 1. * * * That all parts of the counties of Hot Spring and Dallas lying and being within the boundaries described in section 2 of this act be, and the same are hereby attached to and shall become a part of the county of Clark.

"Sec. 2. That the following described lines are, and the same shall be, the boundary line between the county of Clark, and counties of Hot Spring and Dallas, viz: Beginning in the channel of Bayou De Roche, on the range [township] line between townships 4 and 5 south, 20 west; thence east to the lines between townships [ranges] 19 and 20 west; thence south along said line to the channel of the Bayou De Roche; thence down the channel of said bayou to the channel of the Ouachita River; thence down the channel of said river to the range [township] line between townships 6 and 7 south; thence east along said line to the township [range] line between townships [ranges] 17 and 18 west; thence south along said line to the range [township] line between townships 8 and 9 south; thence west along said range [township] line to the channel of the Ouachita River, and thence down said channel to the northern boundary of Ouachita County."

It will be noticed that in almost, if not every instance, in this legislative enactment, where a "range line" is intended a "township line" is mentioned, and where a "township line" is intended it is miscalled a "range line."

In construing a statute, where it is apparent from one contract that other words were intended to be used in the place of words that are meaningless, the courts will supply a meaning that was clearly intended. 34 Ark. 263; 33 Ark. 56; 37 Ark. 491; 58 Ark. 113. The courts take judicial notice of county lines. 34 Ark. 224; 68 Ark. 462; 120 Ind. 345; 104 Cal. 288; 86 Cal. 210.

*McMillan & McMillan,* for appellee.

The act is void for uncertainty. 36 Ark. 331. If the statute is doubtful or ambiguous, a practical construction ought to be accepted that is in accordance with the true meaning of the law, unless there are very cogent reasons for departing from it. 1 Cranch, 229; 120 U. S. 169; 137 U. S. 452; 120 U. S. 52; 56 Mich. 148; 55 Ala. 198; 113 U. S. 568.

RIDDICK, J., (after stating the facts.) The act defining the boundary line between the counties of Hot Spring and Clark is very carelessly drawn, but, giving it the construction that the appellant contends for, we have it that the line between those two counties follows the channel of Bayou De Roche from a point some distance above its junction with the Ouachita River down to its junction with that river. From the mouth of Bayou De Roche, to quote the language of the act, it runs "down the channel of said river to the range [township] line between townships 6 and 7 south; thence east along said line to the range line between townships [ranges] 17 and 18 west." By reference to a map of townships 6 and 7 south, range 19 west, it will be seen that, going down the river from the mouth of Bayou De Roche, the river touches the line between townships 6 and 7 at four different points. But the point referred to in the act where the river touches that line, and from which point the county line runs east along the line between townships 6 and 7, is evidently the point where the river last touches such line. For, from the first place it touches it a line could not run east along the line named, and from neither of the two other points besides the last which it touches the line could the line run east without striking the river again; while from the last point at which it touches it the line could go east along the township line as described in the act. We think that this was the intention of the act, for a consideration of the language of the act makes it seem to us quite clear that it was the intention of the Legislature to make the river the boundary line between the two counties from the mouth of Bayou De Roche to where the river last touches the line named.

If we are correct in this interpretation of the act, the land in question lying north of the river at a point where the river is the boundary line between the two counties is in the county of Hot Spring, and not in Clark County. The judgment of the circuit court so holding is therefore, in our opinion, correct, and is affirmed.